**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| ALVIN WILLIAMSON, | No. ED CV 12-1540-BRO (PLA) |
| Petitioner, | |
| v. | **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| T. VIRGA, Warden, | |
| Respondent. | |

**INTRODUCTION**

On July 16, 2013, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on August 28, 2013, petitioner filed Objections to the R&R ("Objections").

**DISCUSSION**

In his Objections, petitioner asserts that Ground Three of his Petition, i.e., ineffective assistance of appellate counsel, includes the additional claim that appellate counsel was ineffective for failing to argue on appeal that defense counsel rendered ineffective assistance for failing to request the removal of a juror after it came to light during trial that the juror had lied during voir dire. Petitioner asserts that he exhausted this claim concerning his appellate counsel

1  in state court and that it was included in Exhibit E attached to the Petition, and that the Magistrate

2  Judge failed to consider it in the R&R.  (Objections at 2-4).

3  Even if the Court assumes that petitioner properly raised this claim in the Petition and that

4  it is exhausted, it fails on the merits.

5  As set forth in the R&R, for a claim of ineffective assistance of trial counsel, a petitioner

6  must make two showings: (1) that his attorney's representation fell below an objective standard

7  of reasonableness; and (2) that he suffered prejudice by demonstrating a reasonable probability

8  that, but for counsel's error, the result of the proceeding would have been different.  Strickland v.

9  Washington, 466 U.S. 668, 687-88, 690, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To prevail

10  on a claim of ineffective assistance of appellate counsel, a petitioner must show:  (1) that his

11  appellate counsel acted unreasonably in failing to discover and brief a merit-worthy issue; and (2)

12  that he suffered prejudice by demonstrating a reasonable probability that, but for appellate

13  counsel's failure to raise the issue, the petitioner would have prevailed in his appeal.  Moormann

14  v. Ryan, 628 F.3d 1102, 1106 (9th Cir. 2010), cert. denied, 132 S.Ct. 346 (2011).

15  Petitioner's claim of ineffective assistance of appellate counsel is connected with his claim

16  in Ground One of the Petition, wherein he asserts that Juror No. 11 committed misconduct by

17  failing to disclose during voir dire that she had a brother-in-law who was a San Bernardino police

18  officer and worked in the anti-gang unit.[1]  As the Magistrate Judge explained in the R&R, the

19  record regarding this issue is very limited.  No voir dire transcript was lodged with the Court, and

20  the reporter's transcript reflects only a brief discussion between the trial court, the prosecution,

21  and defense counsel about Juror No. 11.  However, the record clearly reflects that petitioner's

22  counsel was aware of the issue, yet declined asking the trial court to take any further action such

23  as questioning Juror No. 11 or removing her from the jury for bias.

24

25  ────────────────

26  [1]  As set forth in the R&R in the discussion of Ground One, the record shows that during the prosecution's case, the trial court received a juror note that stated Juror No. 11 had a brother-in-law who is a police officer in San Bernardino and who works in a specialized anti-gang unit.

27  (Supplemental Clerk's Transcript ("SCT") 2; see also RT 401, 433-34).  The trial court then held a brief discussion on the record with the prosecutor and defense counsel, and both agreed that

28  no further inquiry concerning Juror No. 11 was needed.  (RT 453).

1   Under these circumstances, the Court concludes that petitioner's claim of ineffective

2   assistance of appellate counsel is without merit.  First, given the meager record, there is no

3   showing that Juror No. 11 intentionally withheld the information about her brother-in-law at voir

4   dire.[2]  Moreover, even if Juror No. 11 had revealed this information during voir dire, it would not

5   have provided a valid basis for a challenge for cause.  See McDonough Power Equipment, Inc.

6   v. Greenwood, 464 U.S. 548, 556, 104 S.Ct. 845, 78 L.Ed.2d 663 (1984) (to show actual bias, "a

7   party must first demonstrate that a juror failed to answer honestly a material question on voir dire,

8   and then further show that a correct response would have provided a valid basis for a challenge

9   for cause"); see also Tinsley v. Borg, 895 F.2d 520, 529 (9th Cir. 1990) ("We will not presume bias

10  merely because a juror works in law enforcement. . . .   [D]emonstration of actual juror bias or

11  beliefs is required."); United States v. Crooks, 83 F.3d 103, 107 n.16 (5th Cir. 1996) (without more,

12  marriage to a law enforcement official is insufficient to constitute bias).  Nor has petitioner

13  demonstrated that Juror No. 11 was unable to decide the case impartially.  It follows, therefore,

14  that without more, petitioner has not demonstrated that there was a reasonable probability that,

15  had trial counsel requested the removal of Juror No. 11, the request would have been granted and

16  the outcome of the trial would have been any different.  Accordingly, petitioner's underlying claim

17  that trial counsel was ineffective is without merit.  See Wilson v. Henry, 185 F.3d 986, 990 (9th Cir.

18  1999) (to show prejudice under Strickland from failure to file a motion, petitioner must show that

19  (1) had his counsel filed the motion, it is reasonable that the trial court would have granted it as

20  meritorious, and (2) had the motion been granted, it is reasonable that there would have been an

21  outcome more favorable to him).  In turn, petitioner has not shown that his appellate counsel was

22  ineffective for failing to raise this issue on appeal, as doing so would have been a futile effort.  In

23  other words, there is no reasonable probability that, had this issue been included in the opening

24

25      _____

26      [2]   As stated in the R&R, if, for example, Juror No. 11 was not close with her brother-in-law,
        she may have had the honest but mistaken belief that she did not need to reveal the relationship.
27      See Price v. Kramer, 200 F.3d 1237, 1254-55 (9th Cir. 2000) (juror's failure to disclose that his
        half-brother was a police officer was an "innocent oversight" as the juror was estranged from his
28      half-brother and had "honestly forgot to mention the relationship"; in any case, disclosure during
        voir dire would not have provided grounds for a challenge for cause).

1   brief, petitioner would have prevailed in his appeal.  Rupe v. Wood, 93 F.3d 1434, 1445 (9th Cir.

2   1996) (failure to take futile action can never be deficient performance).

3        On habeas review in the San Bernardino County Superior Court, petitioner's claim of juror

4   misconduct was rejected on the grounds that "[t]he record makes clear that the lawyers made a

5   tactical decision not to request the removal of Juror #11," and that "there was no juror misconduct

6   which infringed upon Petitioner's constitutional rights." (Lodgment No. 10 at 3).  The superior court

7   also rejected petitioner's claim of ineffective assistance of appellate counsel, stating that "appellate

8   counsel rightfully chose the most important, non-frivolous issues on which to focus," and that there

9   was no deficiency in representation.  (Lodgment No. 10 at 4).  Here, petitioner has not rebutted

10  the presumption of correctness that attaches to the superior court's findings that petitioner's trial

11  counsel made a tactical decision with respect to Juror No. 11, and that there was no juror

12  misconduct.  See 28 U.S.C. 2254(e)(1).  In turn, petitioner has not shown that the superior court's

13  opinion rejecting his claim of ineffective assistance of appellate counsel was "so lacking in

14  justification that there was an error well understood and comprehended in existing law beyond any

15  possibility for fairminded disagreement."  Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 786-87,

16  178 L.Ed.2d 624 (2011).  Accordingly, no habeas relief is warranted.

17       Petitioner also states in his Objections that, with respect to Ground Two (ineffective

18  assistance of trial counsel), the six witnesses he claims his trial counsel failed to interview were

19  in fact present at the scene of the incident and would have provided testimony regarding the

20  shooting to support petitioner's defense, and that the Magistrate Judge's conclusion to the contrary

21  amounted to an erroneous finding of fact.  (Objections at 7).

22       In his declaration (attached to the Petition as Exhibit F), petitioner never states that any of

23  the six witnesses observed the shooting.  Rather, he states that they only would have provided

24  testimony that the victim was known to be dangerous and to carry a gun.  (Petition, Exhibit F at

25  1-2).  Accordingly, the Magistrate Judge concluded that, because none of the six was actually

26  present at the scene and observed the incident, their proposed testimony would not have refuted

27  the testimony of the prosecution witnesses who observed the shooting.  Therefore, petitioner could

28

1  not show with any reasonable probability that, had any of these six witnesses testified, the jury

2  would have reached a different verdict.

3        A district court has discretion, but is not required, to consider new factual allegations raised

4  for the first time in a petitioner's objections.  United States v. Howell, 231 F.3d 615, 621-22 (9th

5  Cir. 2000).  The Court declines to consider petitioner's belatedly-asserted allegations that the six

6  witnesses were actually at the scene of the shooting and would have provided testimony regarding

7  their observations.  Although petitioner is pro se, he nevertheless had the opportunity to include

8  these allegations at an earlier time, such as in an amended pleading, but failed to do so.  Nor is

9  there any indication that petitioner presented these new facts to the California courts when

10  exhausting his state remedies.  See Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398, 179

11  L.Ed.2d 557 (2011) ("review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before

12  the state court that adjudicated the claim on the merits").  As such, petitioner's new allegations in

13  the Objections cannot serve as a basis for habeas relief.

14        The Court has reviewed petitioner's remaining objections and concludes that they are

15  without merit.

16

17  **CONCLUSION**

18        Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the

19  Petition, all of the records herein, the Report and Recommendation of the United States Magistrate

20  Judge, and petitioner's Objections to the Report and Recommendation.  The Court has made a

21  de novo determination of the portions of the Report and Recommendation to which Objections

22  were directed.  The Court concurs with and adopts the findings and conclusions of the Magistrate

23  Judge. Accordingly, IT IS ORDERED THAT:

24      1.    Judgment shall be entered dismissing the action with prejudice.

25      2.    The clerk shall serve this order and the judgment on all counsel or parties of record.

26

27  DATED:  September 17, 2013

        HONORABLE BEVERLY REID O'CONNELL

28          UNITED STATES DISTRICT JUDGE